Argued and submitted July 20, petition for judicial review dismissed October 5, 1988

ABRAHAM CRUZ,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A46068)

762 P2d 322

Gary D. Babcock, Public Defender, Salem, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, Salem, filed the brief for respondent. With him on the brief were Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Deits, Judge, and Riggs, Judge pro tempore.

PER CURIAM

## PER CURIAM

Petitioner seeks review of an order issued after a hearing to determine whether the previously established parole hearing date of December, 1993, should be advanced. The Board of Parole moved to dismiss the review on the ground that its decision under the pre-matrix discretionary system is not a final order subject to judicial review.

Petitioner was convicted and sentenced in 1977 to a life term of imprisonment for murder. He elected to be considered under the discretionary parole system. In determining that his parole hearing date should not be changed, the Board made specific findings of fact. Petitioner claims that the findings and the decision are based almost exclusively on the matrix system of analysis. Even if the decision were vulnerable for that reason, we lack jurisdiction to review it.

A discretionary determination is not a final order under ORS 144.335(1).[1] *Harris v. Board of Parole,* 47 Or App 289, 614 P2d 602 (1980).

Petition for judicial review dismissed.

---

[1] ORS 144.335(1) provides:

"When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the *final order.*" (Emphasis supplied.)